## STATE OF NEVADA ex rel. JOHN BUCKLEY v. ABRAHAM CURRY et al.

TOLL ON CARSON CITY AND EMPIRE MACADAMIZED ROAD. Where a toll road franchise between Carson City and Empire, granted in 1864, was by judicial action in May, 1865, declared forfeited; and in June, 1865, the holder sought to acquire the right to collect tolls on it by a compliance with the general Act of March, 1865, relating to toll roads, (Stats. 1864–5, 254): *Held*, that as the statute provided that no toll road constructed under its provisions, or otherwise, should "interfere with any road or highway in general use by the traveling public," no right could, in that maner, be acquired to collect such tolls.

EFFECT OF FORFEITURE OF TOLL ROAD FRANCHISE. Under the provisions of section seven of the Act concerning toll roads, (Stats. 1864–5, 254) where the franchise of a toll road, previously granted, became or was judicially declared forfeited: *Held*, that the road became the property of the county, and that, if the county commissioners took no action for the collection of tolls, it became a free highway.

This was an information filed in the Supreme Court on May 16th, 1870, against Abraham Curry and P. H. Clayton, his assignee in bankruptcy, alleging the illegal erection of a toll gate, and the collection of tolls on a public highway, running from Carson City, by the way of "Curry's Warm Springs," to Empire City; all in Ormsby County. It appears that Curry collected tolls on the road till he was adjudged a bankrupt, in September, 1867; after which time P. H. Clayton, his assignee, assumed as such assignee to exercise the franchise.

Defendant put in an answer, claiming to have a right to collect the tolls by virtue of a compliance with the Act concerning toll roads of March 8th, 1865, to which answer relator demurred.

*R. M. Clarke, A. C. Ellis* and *T. D. Edwards*, for Relator.

*P. H. Clayton*, for Respondent.

I. The decision of the Supreme Court (1 Nev. 251) only declared a forfeiture of the franchise, and affirmative action on the part of the county commissioners was indispensably necessary to determine the subsequent status of the road. They had the right to declare the road free, or to continue the collection of tolls. From anything that appears, they may have authorized Curry to keep the road in good traveling condition and to collect tolls thereon.

II.  The object and intent of section twelve of the Act concerning toll roads was to prevent appropriation as a toll road of any road which had been constructed by any county, or by the people living adjacent to such road, or by emigrants ; in short, to prevent the use of roads established and constructed at the expense of the people for private gain and advantage.  The road in question was in no sense at the date of the passage of the act " a road or highway in *general use* by the traveling public."  It was a road passed over only by such persons as paid the tolls demanded by the builder and maintainer.  It was not a free public road, such as the act contemplated should not be interfered with by the location of a toll road thereon.

By the Court, Lewis, C. J. :

By an Act of the Legislature of the Territory of Nevada, approved February 9th, a. d. 1864, the defendant Abraham Curry and his associates were authorized to construct a macadamized road between Carson City and Empire, and after its completion to collect tolls from all persons traveling over it.  Claiming that he had constructed such road as the law required, Curry collected tolls as authorized by the Act; but in the month of May, a. d. 1865, the franchise thus claimed by him was declared forfeited by this Court. On the third day of June following, however, he sought to maintain his privilege of collecting tolls by complying with the requirements of an Act of the Legislature, entitled " An Act to provide for constructing and maintaining Toll Roads and Bridges in the State of Nevada," approved March 8th, 1865.  (See Statutes of 1864–5, 254.)  Section twelve of that law declares that " no toll road, constructed under the provisions of this Act, nor otherwise, shall interfere with any road or highway now in general use by the traveling public or the emigration from the East."

It is quite clear, if at the time Curry endeavored to secure the road by virtue of the provisions of this last Act, it was a " road or highway " in general use by the " traveling public," it could not be taken under this law.  That it was so can scarcely admit of doubt.  On the thirty-first day of May, Curry was deprived of his franchise, the Court holding that he had not complied with the law

granting it, and consequently that he never acquired the right to collect tolls. (1 Nev. 251.) Thereupon the road either became a general public highway, or by virtue of section seven of the same law it became the property of the county. In either case, Curry had no right to continue the collection of the tolls. That section declares that "upon the expiration or forfeiture of any toll-road franchise, the ownership, with all the rights and privileges, shall vest in the county or counties in which it is located, and the county commissioners may declare it a free highway, or they may collect tolls on such roads to keep them in good repair."

For a period of three days at least—that is, between the time of the forfeiture of the charter and the third day of June—this road was the property of the county, and whether any tolls whatever should be collected on it or it should be a free highway, was a matter resting entirely with the county commissioners of Ormsby County; but they never authorized the collection of tolls on it, therefore it must be held that they intended to leave it a free highway. However, if that had been done by them it would not help the defendant here; for he does not attempt to justify by any right in or derived from the county, but claims the privilege in himself by virtue of compliance with the provisions of the Act already referred to. Under that Act, as we have shown, he acquired no right, therefore the collection of tolls by him is unauthorized. Judgment of ouster must be entered.